Hills *v.* Marlboro.

---

HERBERT E. HILLS, *by his Guardian, v.* TOWN OF MARLBORO.

*Variance.　Practice.　Soldiers' Bounty.　Evidence.*

If the bill of exceptions shows an error in the ruling of the county court upon a question of variance, properly raised, to which exceptions were taken, though in a particular in no way affecting the merits of the case, the excepting party has the right to have the error corrected in the Supreme Court.

The practice in the county court is to require counsel to specify· particularly in what the variance consists, before passing upon the question.

The plaintiff offered the records of a town meeting in evidence. The defendant objected to them on the ground " that by reason of variance they did not support the averments of the declaration ; the court received them subject to the objection *pro forma* to which the defendant excepted." *Held* that the import of this was that the court did not decide upon the question but reserved it to some future stage in the trial if the objecting counsel should see fit to specify the objection and ask a ruling upon it. The counsel not having afterwards specified the particular ground of variance, it is *held* that the question of variance could not be raised in the Supreme Court.

The plaintiff enlisted, December 9th, 1863, under a contract that the town should pay him $300. bounty authorized by vote of December 5th, 1863, and if the town at a subsequent meeting then in contemplation, should vote to pay more, then the plaintiff should be paid as much as should be paid to any one who should enlist to fill that quota. January 2d, 1864, the town by vote added $200. additional bounty to soldiers to fill that call, and after that the selectmen enlisted recruits to fill the quota at a bounty of $500. each. These, together with the plaintiff, were mustered in subsequent to the vote of January 2d, 1864, by W., the selectman, who negotiated the contract with the plaintiff, and H. another of the selectmen. The plaintiff then claimed the contract was to pay him $500. *Held,* that the town is bound to pay that sum, unaffected by the fact that H. did not know at the time of muster that W. had agreed to pay the plaintiff more than $300. The muster-in was a ratification of the contract for $500, if any ratification was necessary.

The rule that parol evidence is not admissible to explain writings, may be waived. If a party allows parol evidence to come in for such purpose, without objection, and submits his case upon it, he must abide the event of the issue.

Assumpsit, in special and general counts, to recover a town bounty. Plea, general issue. Trial by court, by consent of parties, April Term, 1867, BARRETT, J. presiding.

The plaintiff gave in evidence a duly certified copy of the warning and record of a town meeting held on the 28th of November, 1863, adjourned to December 5th, 1863. Also, of a request and warning for, and record of, a town meeting held on the 2d day of January,

A. D. 1864. The defendant objected to them on the ground that by reason of variance they did not support the averments of the declaration. The court received them subject to the objection, *pro forma,* to which the defendant excepted.

The plaintiff and the defendant both introduced parol evidence, from which the court found the following facts—it being agreed and conceded that the call was made by the President as set forth in the declaration; also, that the Governor of this State issued Order No. 2, in pursuance of and to carry out said call, appointing selectmen recruiting officers, and that the quota of said town under said call was sixteen men.

The plaintiff, on the 9th day of December, 1863, being then nearly, but not quite, 18 years of age, having no father living, with the consent of his mother, who was his lawful guardian, enlisted under said call, to fill the quota of said town, upon the application and by the procurement of Robinson Winchester, being and acting as one of the selectmen of said town, upon the contract and agreement to pay him $300. bounty under the vote already passed by said town on the 5th day of December, and if the town at a subsequent meeting, then in contemplation, should vote to pay more, that the plaintiff should be paid as much as should be paid to any of the rest who should enlist to fill that quota. On the 9th day of January, 1864, the plaintiff and the other volunteers who had enlisted on that quota, went to Brattleboro, accompanied by said Winchester and Charles Hale, another of the selectmen, and there, with the knowledge, agency and concurrence of both of said selectmen, the plaintiff, with said other volunteers, was duly mustered into the United States service, to the credit of said town upon said quota, and the plaintiff served through the war, and was duly discharged in the month of June, 1865.

The third selectman took no part in making enlistments, he leaving it all to be done by said Winchester and Hale, who, by mutual understanding and arrangement, separately made enlistment contracts as they found opportunity, each concurring in what the other did within the authority they had as selectmen. Prior to the vote of January 2d, 1864, said Hale understood that said selectmen were not authorized to bind the town by an enlistment contract to pay a bounty of

42

more than $300. and did not know or suppose that said Winchester had made a contract with the plaintiff to pay him more than that sum, and did suppose that the contract was for only that sum, at the time the plaintiff was mustered in as before stated—though the said Hale, at that time, knew that the plaintiff claimed that the contract was as above stated, and that by force of it he was entitled to $500. bounty in the whole.

After the vote of January 2d, 1864, and acting under its supposed intent and effect, in connection with the vote of December 5th, said selectmen enlisted on said quota several men under a contract to pay (and said town did pay) them a bounty of $500. and the same were duly mustered into service as before stated.

The court found, as matter of fact, and held that, by the vote of January 2d, 1864, it was intended to authorize the payment of $200. to each volunteer, in addition to the $300. authorized by the vote of December 5th, 1863, and that said selectmen so understood it and acted upon it in making enlistment contracts and paying bounties after said first above named vote was passed.

The town claimed on trial, and said Winchester testified, that the contract with the plaintiff was for three hundred dollars bounty, and no more.

Upon the case thus found and stated, the court, *pro forma*, held the plaintiff to be entitled to recover $500. as bounty, with $75.50 interest, amounting to $575.50, and his costs.

Exceptions by the defendant.

*Charles N. Davenport* and *George Howe*, for the defendant.

*A. Stoddard*, for the plaintiff.

The opinion of the court was delivered by

PECK, J.   The plaintiff seeks to recover a bounty of $500. of the town for enlisting and being mustered into the United States service to the credit of the defendant town on its quota.   It is not denied but that the town became bound to pay the plaintiff a bounty of $300.. but it is insisted by the defence that that is the extent of the liability

incurred by the town. It is also insisted by the defendant's counsel that there is such a variance between the vote of the town at the two meetings, one of December 5th, 1863, and the other of January 2d, 1864, and the declaration, that the plaintiff cannot recover at all on this declaration, and that there is error in the ruling of the county court in reference to this question of variance. The particulars in which it is insisted the declaration varies from the record of the votes introduced by the plaintiff, are such as in no way affect the result of the case ; but still if there is error in this respect, apparent upon the bill of exceptions, the defendant has the right to have it corrected in this court. But, in such case, in order to entitle the party to raise such question of variance, it must appear by the case that the question was raised in the county court, and exception taken to the decision of that court upon the question. It appears that the case was tried by the court ; that at the commencement of the trial the plaintiff introduced the records of the two votes in question. The case states that, " the defendant objected to them on the ground that by reason of variance, they did not support the averments of the declaration ; the court received them subject to the objection, *pro forma*, to which the defendant excepted." Nothing appears showing that any particular ground of variance was suggested by counsel. This evidence being a written instrument or document, it was within the discretion of the county court to receive the evidence, for the time being, subject to the objection, reserving to the objecting party, at some future stage of the trial. to point out his objection, if he sees fit, and have the question passed upon. This is often done to facilitate the trial, instead of passing upon the admissibility of each paper separately ; especially where the objection is only on the ground of variance, in general terms, and the trial is by the court. Such ruling, under such a general objection, is not regarded as a decision upon the question of variance. Its meaning and effect is simply to prevent the admission of the evidence operating as a waiver of the right to raise the objection by pointing out, in the course of the trial, the variance relied on. The admission of the paper, *subject to the objection*, imports that the court has not decided upon the question, but reserved it to some future stage in the trial if

the objecting counsel see fit to specify the objection and ask a ruling upon it. The practice in the county court is to require counsel to specify particularly in what the variance consists, before passing upon the question. It is no part of the duty of the court, under such general objection, to hunt for the particulars in which a variance consists. We do not say that this court would not entertain the question if it appeared that the county court allowed such general objection, and made a final decision upon the question, and regularly allowed exception to such ruling. But such is not this case. The most that can be said in this case is, that it appears that in the outset of the trial, the court reserved to the defendant's counsel the privilege of raising a question of variance, but he not having availed himself of it, his contemplated objection was waived, or rather was never made or decided. The reason for this is obvious. This case is a strong illustration of the propriety of such a rule. Had the objection, intended to be relied on, been made and pointed out to the court in the subsequent stage of the trial, as the ruling of the court contemplated, the court undoubtedly would have allowed an amendment of the declaration on trial if necessary to obviate the objection. It would be exceedingly unjust to allow this objection to be sprung upon the party for the first time in this court, when, if made in the county court, it might have been obviated, as it probably would have been, without delaying the trial. This question of variance cannot be raised in this court upon this bill of exceptions.

It is insisted in defence, that as the selectmen at the time they enlisted the plaintiff, were not authorized by the town to pay more than $300. bounty. The contract to pay the plaintiff three hundred dollars, and as much more as they should pay to any one who should enlist to fill that quota, is binding only to the extent of $300. The court found, on the subject of the contract, that when the plaintiff enlisted December 9th, 1863, under an agreement that the town should pay him three hundred dollars bounty under the vote of December 5th, 1863, and if the town at a subsequent meeting, then in contemplation, should vote to pay more, then the plaintiff should be paid as much as should be paid to any one who should enlist to fill that quota. The court have found, as matter of fact, that

January 2d, 1864, the town, by vote, added $200. additional bounty to soldiers to fill that call, and that after that vote, the selectmen enlisted recruits to fill the quota at a bounty of $500. each ; that they, together with the plaintiff, were mustered in subsequent to the vote of January 2d, 1864, by Winchester, who negotiated the contract with the plaintiff, and Hale, another of the selectmen. As the selectmen, when they caused the plaintiff to be mustered in, had authority to pay a bounty of $500., and caused him to be mustered in, knowing that the plaintiff claimed the contract was to pay him that sum, to which it does not appear they made any objection, the town is bound to pay the $500., unless one or the other of the further objections, urged by the defendant's counsel, prevails. It is insisted that as Hale did not know when the plaintiff was mustered in, that Winchester had agreed to pay him more than $300, the town is not bound beyond $300. But the case of *Tarbell* v. *Plymouth,* cited in argument, is an authority to show that the mustering in of the plaintiff was a ratification of the contract for $500., if any ratification was necessary. It is true that in that case the selectmen were authorized, when the contract was made, to pay the larger sum. In this case they were authorized to pay but $300. when the plaintiff enlisted, and had authority to pay $500. when they caused him to be mustered in, which was the final consummation of the contract which entitled him to the bounty. In one respect this case is stronger in favor of the plaintiff than *Tarbell* v. *Plymouth,* 39 Vt. 429, for Hale knew when he and Winchester caused the plaintiff to be mustered in, that he claimed the contract to be for $500. That was sufficient, with the other facts, to put Hale on inquiry as to what the contract was. We do not say that any ratification of the original contract was necessary. But it is insisted that the vote of January 2d, 1864, cannot be construed as giving the selectmen authority to pay to recruits $200. additional bounty, and that the court erred in receiving parol evidence to show that such was the meaning of the vote. The case states that both parties introduced parol evidence from which the court find the following facts :

Among the facts found is this " the court find, as matter of fact, and hold that by said vote of January 2d, 1864, it was intended to

authorize the payment of $200. to each volunteer in addition to the $300. authorized by the said vote of December 5th, 1863, and that said selectmen so understood it and acted upon it in making enlistment contracts and paying bounties, after said first above named vote was passed."

It does not appear that any objection was made to the introduction of parol evidence, nor which party first introduced such evidence to explain the vote. The rule that parol evidence is not admissible to explain writings, may be waived. If a party allows parol evidence to come in for such purpose, without objection, and submits his case upon it, he must abide the event of the issue ; it is too late to object to the character of the evidence after the issue is formed against him, at least it presents no error that this court can correct.

Judgment affirmed.